961 F.2d 217
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Melvyn Rick MILLER, Defendant-Appellant.
 No. 91-10381.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 14, 1992.
Decided April 27, 1992.
 
 Before GOODWIN, SCHROEDER and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Melvyn Miller appeals his jury conviction for bank robbery in violation of 18 U.S.C. § 2113(a) on three grounds: (1) that it was error to admit in-court identifications by three bank employees; (2) that it was error to admit FBI agent testimony that, when asked if he had robbed the bank, Miller neither admitted nor denied guilt and said it would be "awful dumb" to admit the robbery; and (3) that it was error to admit FBI agent testimony that Miller said the figure in a bank surveillance photo looked like him. Because we find nothing suggestive about this identification process, and because Miller waived his right to remain silent, we affirm the district court.
 
 
 3
 Miller contends that the three eyewitnesses' in-court identifications of him were impermissibly pre-conditioned, first because the witnesses were shown a photo array prior to the live lineup and Miller was the only individual common to both groups and, second, because before they saw the live lineup the witnesses were shown surveillance photos taken during the robbery.
 
 
 4
 Even when a defendant is the only individual common to both a photographic array and a live lineup, "without further indicia of suggestiveness," the lineup will not be considered impermissibly tainted. United States v. Davenport, 753 F.2d 1460, 1463 (9th Cir.1985). Our review of the photo array and a photo of the lineup confirms that they were in themselves not suggestive.
 
 
 5
 The fact that bank surveillance photographs of the robbery were shown to witnesses before the live lineup does not render the lineup identification suggestive. See United States v. Monks, 774 F.2d 945, 957 (9th Cir.1985) (prior exposure to the surveillance photo does not jeopardize eyewitness identifications when "the recollection of an eyewitness is refreshed by the use of photographs of the crime itself."). Showing surveillance photographs of the actual robber does not improperly suggest that the photo is of any particular suspect.
 
 
 6
 The jury heard testimony from agent Harmon that, after Miller was read his Miranda rights and asked whether he had committed the robbery, Miller neither admitted nor denied involvement but stated that it would be "awful dumb" for him to admit that he had committed the robbery. Miller was properly Mirandized and chose to waive his right to remain silent. He was aware that what he said could be used against him, but spoke anyway. The district court did not abuse its discretion by redacting the portion of the statement relating to prior convictions and admitting the rest.
 
 
 7
 According to testimony presented at trial, when Miller was shown a surveillance photograph taken during the robbery of which he was accused, he said that the figure in the photo looked a lot like him. Miller neither moved to suppress this statement nor objected to its admission at trial. He attacks the admission of the statement for the first time on appeal. If prejudicial at all, the statement was not so prejudicial that its admission constitutes plain error.
 
 
 8
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3